## NO DISCRETION IN AN APPOINTING OFFICER UNDER THE CIVIL SERVICE.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL CHARLES F. COOLIDGE, v. H. H. HYMAN, AS DIRECTOR OF THE FIRE DEPARTMENT OF THE CITY OF CLEVELAND.

Decided, March 23, 1900.

*Municipal Employees—Civil Service Examinations—Appointing Officer Bound by Civil Service Laws and Regulations—Courts Will Not Interfere With Civil Service Examination, When.*

1. When an officer is required by law to appoint and promote city employees from a list of those who have attained a certain grade in competitive civil service examinations, he can not, in the exercise of his discretion, promote one who has failed to attain the prescribed grade, even though it be by the fraction of one per cent. and there are special reasons why he believed that one will be more efficient in the position to which he desires to promote him.

2. While rules governing the conduct of civil service examinations, as established by the city council and the examiners, should enumerate the subjects upon which applicants are to be examined, yet a failure so to do will not be ground for interference on the part of the courts where it appears that the examinations, as conducted, were upon the subjects upon which it would be necessary for the appointees to have knowledge.

*A. Burt Thompson,* for plaintiff.

*T. H. Hogsett* and *Beacom, Excell & Gage,* contra.

CALDWELL, J.; MARVIN, J., and HALE, J., concur.

The statute provides that the mayor and the director of the fire department in the city of Cleveland shall draw up certain regulations governing the introduction of men into the fire department and their promotion from time to time in order to conduct examinations both for entering and for promotion; and it provides that an assistant engineer or fireman can not be promoted to that of an engineer when promotions are to be made, unless he has stood 80% in his examination for promotion.

The relator here, Coolidge, was promoted when he stood a fraction of one per cent. less than that.

There was another man on the list at the time who stood 83%, but was not promoted.

The director of the fire department at the time of this promotion was made, claims that there is a discretion, after all, on his part, and that he could take this man and promote him, although there was another whose per cent. upon examination was higher, and the grounds for so claiming, is that in making promotions, notwithstanding examination, the director must look to the age, the judgment, the manhood, and all such things, to guide him in all his promotions.

But, most clearly, if he would have a right to take a man who stood less than 80% and promote him when there were others on the list standing more than 80%, he might carry that to a great extreme upon *his* ideas of judgment of men. He might take one who stood only 60% and yet, in his judgment, was the best man for the promotion.

These regulations are adopted under provisions of state law under an ordinance, and that ordinance, we think, must be followed. It is turning this department, among others of the city, into a civil service department, and the provision of the ordinance and the law seems to be such that no one can get into the department except by starting at the foot of the ladder and

climbing towards the top, and promotions are to be made strictly upon merit and not upon favoritism.

Mr. Coolidge, after there was a change of directorship, was put back as fireman or assistant engineer and brings this action to require the director to restore him to the position of engineer.

There is another complaint made—that the rules and regulations which are adopted by the director and the mayor, and approved by the council, do not prescribe any sufficient rules and regulations governing the examination; that while they provide somewhat in detail and quite specifically as to the cadets, those who are coming into the department, yet there is no sufficient regulation as to the method of examination as to how and upon what branches it shall be conducted when a promotion is sought.

The rules are quite specific as to what the candidate is to do to get his name before the examining board, and they are quite specific as to the board holding the examination, and all steps except, it is claimed, that there is a very serious defect in that the rules prescribe no branches nor line of examination, and that the board would be at liberty, so far as any rule adopted by the city would stand in the way, to examine him on Greek or any other language, or any branch of mathematics, or on anything that they might take a notion to examine upon. Of course, if the city examiners should hold an examination of that character, it would be very much contrary to people's notions of what an engineer needs; above all things, he needs a practical education.

The questions and answers that have been used in order to make these examinations uniform and fair, were presented to the court and have been examined, and they pertain entirely to the practical knowledge that a man has of the position that he is seeking to obtain. There is nothing else in them; and they are well adapted to call forth all that an applicant knows on that subject. There is, however, some ground for the technical objection, and it may be that this board should proceed hereafter to indicate on just what subjects applicants will be examined; for instance, engines, pumps and the practical care of them, and remedy for any defects that may arise at any time; the use of

heaters, signals, and all those things that pertain directly to the line of business; and to prescribe in the rules that the examination shall be confined to them. They have been confined there always, as the evidence shows, but the rule, perhaps, should be made definite upon that point.

But we do not feel that in this case, we ought to say for this reason that this party should be restored to the place which he had before. He had subjected himself to these rules and regulations, has undertaken to take his place in line of promotion by the rules that exist; and for us to undertake now to say that the board, the director, the mayor, and the city council have not made rules definite enough, might, perhaps, do in this department considerable injury and cause a great deal of trouble. We affirm the judgment of the board, and dismiss the petition.